**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PETERSON TRANSPORTATION** | ) | |
| **SERVICES, INC. and** | ) | |
| **RAYNER TRANS LLC,** | ) | |
| **individually and** | ) | |
| **on behalf of others similarly situated,** | ) | |
| | ) | **CASE NO. 22-cv-2962** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FREIGHT ONE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs Peterson Transportation Services, Inc. ("Peterson Transportation") and Rayner Trans LLC ("Rayner Trans") (collectively, "Plaintiffs") complain against Defendant Freight One, Inc. ("Freight One") alleging claims under the Truth in Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2), Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/10a, and the Illinois common law of fraud and contract. Plaintiffs bring their claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Introduction

1. The Truth in Leasing Act ("TILA"), 49 U.S.C. § 14102(a) and its implementing regulations govern the terms and conditions under which owner-operator truckers lease equipment to federally-authorized motor carriers that transport freight in interstate commerce. *See* 49 C.F.R. § 376.12. TILA regulations require the motor carrier's equipment lease to disclose, in writing, the amount that the motor carrier will pay the owner-operator as compensation. 49 C.F.R. § 376.12(d). The regulations also require the lease to disclose all expenses that the carrier will "charge back to

the operator" and all escrow payments that the owner-operator will make to the motor carrier. *Id.* § 376.12(h) & (k). Finally, the regulations require the motor carrier to adhere to the terms of the lease. *Id.* (introductory paragraph).

2.     Plaintiffs allege that Freight One violated the TILA by paying them significantly less than their equipment leases required for each load that they transported. Freight One promised to pay them a certain percentage of the price of each load, but it lied to them about that price, so it could pay them less than their leases required. Freight One also violated TILA by deducting certain chargebacks from their and other owner-operators' pay without disclosing those deductions in the owner-operators' equipment lease, and by not paying interest on owner-operators' escrow deductions.

## Parties

3.     Plaintiff Peterson Transportation is a Florida corporation owned and operated by its sole member, Dennis Peterson ("Peterson"). Peterson Transportation, Peterson worked as a truck driver for Freight One from December 2020 to May 2022. During all times that Peterson has worked for Freight One, neither he nor Peterson Transportation was an agent for purposes of the TILA.

4.     Plaintiff Rayner Trans is a North Carolina limited liability company owned and operated by its sole member, Derrick Rayner ("Rayner"). Through Rayner Trans, Rayner worked as a truck driver for Freight One from March 2021 until May 2022. During all times that Rayner worked for Freight One, neither he nor Rayner Trans was not an agent for purposes of the TILA.

5.     Defendant Freight One is an Illinois corporation headquartered in Burr Ridge, Illinois. Freight One is a transportation carrier licensed with the U.S. Department of Transportation. It contracts with drivers to transport its customers' freight in interstate commerce.

## Facts

6.     Certain Freight One drivers, called "owner-operator" drivers, used their own semi-tractors to perform their work. Freight One agreed to pay owner-operator drivers a certain percentage of gross revenue for each load.

7.     From approximately March 2021 until April 2022, Rayner Trans performed line haul work for Freight One across several states. Rayner Trans worked for Freight One as an owner-operator for purposes of the TILA regulations. 49 C.F.R. § 376.2.

8.     From approximately December 2020 through the present, Peterson Transportation has performed line haul work for Freight One across several states. Peterson Transportation works for Freight One as an owner-operator for purposes of the TILA regulations. 49 C.F.R. § 376.2.

9.     Freight One contracts with over 100 owner-operators to provide transportation service for its clients.

10.     Plaintiffs and other owner-operator drive entities signed a substantially identical contract with Freight One called a "Lease Agreement."

11.     The Lease Agreement between the owner-operator driver entities and Freight One served as the "equipment lease" required by regulations promulgated by the TILA, 49 C.F.R. § 376.12.

12.     As such, the owner-operator driver entities leased their equipment (a semi-truck tractor) to Freight One, and in exchange, Freight One agreed to pay the drivers a certain percentage of gross revenue for each load when they performed line haul work.

13.     Peterson Transportation's contract, for example, promised a 78% rate of gross receipts for each load. Exhibit A.

14.     Rayner Trans's contract likewise promised a 78% rate of gross receipts for each load.

15.     Freight One deducted many weekly charges and fees from drivers' pay.

16.     For example, it deducted $100 each week for twenty-five weeks for an escrow, or "security deposit" account. Freight One purported to maintain the escrow account to cover "any expenses incurred (insurance deductible, IFTA, equipment damages, tickets, tolls)." *See* Exhibit A.

17.     Freight One never paid interest on Plaintiffs' escrow accounts.

18.     Freight One never returned Plaintiff Rayner Trans's escrow deductions in full.

19.     Freight One never paid interest on any of the other owner-operator driver entities' escrow accounts.

20.     Freight One also under-reported the gross receipt (or price) of each load in owners-operators' pay statements.

21.     Freight One directly pocketed the portion of gross receipts it concealed from the driver, and paid drivers' their promised portion, e.g. 78% on the lower, underreported amount.

22.     In other words, if the total gross receipt paid by a broker for a load was $1,500, Freight One might pocket $500 directly and pay the driver 78% of the remaining $1,000—$780, or 52% of the actual total gross receipt.

23.     For example, Freight One informed Rayner that a 537-mile load on October 4, 2021 paid $1,500. In reality, the shipper paid Freight One over $1,500 for the load. Similarly, Freight One informed Petersen that a 566-mile load on September 23, 2021 paid $1,400. In reality, the shipper paid Freight One over $1,400 for the load.

24.     Based on Plaintiffs' experience in the trucking industry, many of the gross receipts Freight One reported for various loads appeared to be well below market rates, without any explanation.

25.     Peterson's wife, who is a freight broker, has reviewed the reported gross receipts for his loads and has concluded many of the reported receipts cannot be accurate based on market price.

26.     Other owner-operator drivers have complained about Freight One's lease compliance and rate reporting, alleging that Freight One lies about the gross receipts on its drivers' loads. *See Johnson v. Freight One, Inc.*, Case No. 21 C 6003 (N.D. Ill.).

27.     For these reasons, Freight One did not adhere to the terms of Plaintiffs' equipment leases.

## Class Allegations

28.     Plaintiffs bring this action on behalf of themselves and on behalf of the following classes of others similarly situated individuals or entities:

**TILA Class:** All individuals or entities that signed equipment leases with Freight One between June 7, 2018 and June 7, 2022.

**Breach of Contract Class:** All individuals or entities that signed equipment leases with Freight One between June 7, 2012 and June 7, 2022.

**Fraud Class:** All individuals or entities that signed equipment leases with Freight One between June 7, 2019 and June 7, 2022.

**ICFA Class:** All individuals or entities that signed equipment leases with Freight One between June 7, 2017 and June 7, 2022.

29.     The Classes defined above satisfy the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.     The Classes are so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Since at least June 7, 2019, Freight One has employed over one hundred owner-operator drivers who signed equipment leases with the company.

31.     Common questions of law and fact predominate over individual issues affecting only individual class members. Questions of law and fact common to the TILA Class include, among others, the following:

a.  Whether Freight One paid interest on escrow funds as required by Truth in Leasing Act regulations; and

b.  Whether Freight One breached the terms of its equipment leases with owner-operator drivers by paying them less than the promised percentage of gross receipts on each load.

32.     Questions of law and fact common to the Breach of Contract Class include, among others, the following:

a.  Whether Freight One breached the terms of its equipment leases with owner-operator drivers, by paying them less than the promised percentage of gross receipts on each load.

33.     Questions of law and fact common to the Fraud and ICFA Classes include, among others, the following:

a.  Whether Freight One intentionally deceived owner-operator drivers by lying to them about the gross receipts for loads they hauled and on which their compensation was based.

34.     Plaintiffs will fairly and adequately protect the interests of all class members. Rayner and Peterson are members of each Class, and their claims are typical of the claims of all class members.

35.     Plaintiffs' interest in obtaining monetary relief for Freight One's violations of the class members is consistent with and not antagonistic to those of any person within the class. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

## Count I – Truth in Leasing Act
### (On behalf of TILA Class)

36.     Plaintiffs incorporate all prior allegations as if fully stated herein.

37.     Freight One is a motor carrier licensed with the U.S. Department of Transportation. Plaintiffs worked for Freight One as an owner-operator for purposes of TILA.

38.     Pursuant to the TILA regulations, Freight One signed an equipment lease with Plaintiffs and the other TILA Class Members.

39.     Under the TILA regulations, an authorized carrier may perform authorized transportation in leased equipment only if the written lease granting the use of the equipment meets the requirements of 49 C.F.R. § 376.12.

40.     Under the regulations, the required lease provisions must be "adhered to and performed by the authorized carrier." *Id.* § 376.12 (introductory paragraph). Finally, the regulations require the carrier to pay interest on the amounts that it holds in escrow. *Id.* § 376.12(k)(5).

41.     Freight One never paid interest on the amounts that it deducted in escrow from Plaintiffs' and the other owner-operator drivers' pay.

42.     In the equipment leases, Freight One agreed to pay Plaintiffs and the other owner-operator drivers a certain percentage of gross revenue for each load they hauled for Freight One

43.     Freight One frequently underreported loads' gross revenue to pay Plaintiffs and the other owner-operator drivers less than the rate promised in their equipment leases.

44.   Freight One did not adhere to the terms of its leases with owner-operator drivers.

45.   Under 49 U.S.C. §14704(a)(2), Freight One is liable to Plaintiffs and the other owner-operator drivers for the damages that they suffered on account of Freight Ones's regulatory violations.

**PRAYER FOR RELIEF**

Plaintiffs ask the Court to enter judgment against Freight One and issue an order:

a.   Certifying this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b.   Appointing Plaintiffs as representatives of the TILA Class;

c.   Requiring Freight One to provide each of the TILA Class members an accounting of all transactions with Freight One and provide all documentation necessary to confirm the validity of the computations;

d.   Entering judgment against Freight One for all damages that the TILA Class members incurred as a result of its violations of the Truth in Leasing Act regulations, including pre- and post-judgment interest; and

e.   Awarding Plaintiffs' counsel their reasonable attorneys' fees and costs for their prosecution of this action, pursuant to 49 U.S.C. § 14704(e).

**Count II – Breach of Contract**
**(On behalf of Breach of Contract Class)**

46.   Plaintiffs incorporate all prior allegations as if fully stated herein.

47.   Defendant Freight One entered into contracts (the equipment leases) with Plaintiffs and other owner-operator driver entities that required Freight One, among other things, to pay the drivers based on a percentage of Freight One's gross revenue from loads the drivers hauled.

48.   Plaintiffs and other Breach of Contract Class members substantially performed all of their obligations under their contracts with Freight One.

8

49.     Freight One breached the contracts with Plaintiffs and other Breach of Contract Class members by underreporting the gross revenue for each load to pay them less than the rate promised in their equipment leases.

## PRAYER FOR RELIEF

Plaintiffs ask this Court to enter judgment against Defendant Freight One and issue an order:

    a.   Certifying this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

    b.   Appointing Plaintiffs as representatives of the Breach of Contract Class;

    c.   Appointing the undersigned counsel as class counsel;

    d.   Awarding Plaintiffs and Breach of Contract Class members all amounts due and owing to them under their contracts with Defendant Freight One;

    e.   Awarding Plaintiffs' attorneys their fees based on the percentage of the common fund method; and

    f.   Awarding such other relief as this Court deems just and proper.

## Count III – Common Law Fraud
## (On behalf of Fraud Class)

50.     Plaintiffs incorporate all prior allegations as if fully stated herein.

51.     Freight One entered into equipment lease agreements with Plaintiffs and other Fraud Class members that required Freight One, among other things, to pay Plaintiffs and other Fraud Class members based on a percentage of the gross revenues Freight One received from loads hauled by Plaintiffs and other Fraud Class members.

52.     In order to pay Plaintiffs and other Fraud Class members less than the amount they were owed, Freight One regularly lied to Plaintiffs and other Fraud Class members about the gross revenues it received for loads they hauled.

53.     Plaintiffs and other Fraud Class members relied on Freight One to report the true gross revenues it received for loads they hauled and were unaware that Freight One was paying them less than the amount to which they were entitled.

54.     Freight One's deceptive acts were designed to enrich Freight One without regard to the effect on Plaintiffs and other Fraud Class members.

## **PRAYER FOR RELIEF**

Plaintiffs ask this Court to enter judgment against Defendant Freight One and issue an order:

a.  Certifying this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b.  Appointing Plaintiffs as representatives of the Fraud Class;

c.  Appointing the undersigned counsel as class counsel;

d.  Awarding Plaintiffs and Fraud Class members all amounts due and owing to them under their contracts with Defendant Freight One, the full amounts of which Freight One has concealed by lying about the gross receipts of hauled loads;

e.  Awarding Plaintiffs and Fraud Class members punitive damages for Freight One's gross fraud;

f.  Awarding Plaintiffs' attorneys their fees based on the percentage of the common fund method; and

g.  Awarding such other relief as this Court deems just and proper.

## Count IV – Illinois Consumer Fraud Act
### (On behalf of ICFA Class)

55.     Plaintiffs incorporate all prior allegations as if fully stated herein.

56.     Freight One deceived Plaintiffs and other ICFA Class members by lying and under-reporting the gross revenues Freight One received for loads hauled by Plaintiffs and other ICFA Class members.

57.     Pursuant to equipment leases with its owner-operator drivers, Freight One was required to pay Plaintiffs and other ICFA Class members based on a percentage of gross revenues Freight One received for loads hauled by Plaintiffs and other ICFA Class members. Freight One intended that Plaintiffs and other ICFA Class members would rely on Freight One's reports of the gross revenues so that Freight One could pay Plaintiffs and other ICFA Class members less than the amounts they were owed pursuant to their equipment leases.

58.     Freight One's deception happened in the course of trade or commerce.

59.     Freight One's deception proximately caused Plaintiffs and other ICFA Class members to be paid less than the amounts they were owed pursuant to their equipment leases with Freight One.

60.     Freight One's deceptive acts were designed to enrich Freight One without regard to the effect on Plaintiffs and other ICFA Class members

## PRAYER FOR RELIEF

Plaintiffs ask this Court to enter judgment against Defendant Freight One and issue an order:

a.  Certifying this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b.  Appointing Plaintiffs as representatives of the ICFA Class;

    c.   Appointing the undersigned counsel as class counsel;

    d.   Awarding Plaintiffs and ICFA Class members all amounts due and owing to them under their contracts with Defendant Freight One, the full amounts of which Freight One has concealed by lying about the gross receipts of hauled loads;

    e.   Awarding Plaintiffs and ICFA Class members punitive damages for Freight One's gross fraud;

    f.   Awarding Plaintiffs' counsel their reasonable attorneys' fees and costs for their prosecution of this action, pursuant to 815 ILCS 505/10a(c).

    g.   Awarding such other relief as this Court deems just and proper.

### Jury Demand

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/ Christopher J. Wilmes
One of the Attorneys for the Plaintiff

Christopher J. Wilmes
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
312-580-0100